Filed 04/28/25

VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,

Burlington, VT 05401

802-951-1740

www.vermontjudiciary.org

Docket No. 25-ENV-00016



| Bennington High, LLC Development Agreement Amendment |
| --- |

## ENTRY ORDER

| Motion: | Motion to Reconsider and/or Transfer |
| --- | --- |
| Filer: | Michael J. Malone, Attorney for Appellant PLH Vineyard Sky, LLC |
| Filed Date: | April 3, 2025 |

Memorandum in Opposition, filed on April 17, 2025 by Merrill Bent, Attorney for the Town of Bennington

**The motion is DENIED.**

This is an appeal of an "Amended and Restated Development Agreement" (Agreement) between the Town of Bennington (Town) and Hale Resources, LLC for the acquisition and redevelopment of the former Bennington High School. The Town Selectboard voted to approve the Agreement and to authorize its signing by the Town Manager at a warned special meeting on January 28, 2025. PLH Vineyard Sky, LLC (Appellant) has appealed this vote by the Selectboard to approve a contract to this Court.

In a decision dated March 6, 2025, this Court granted the Town's motion to dismiss this appeal for lack of subject matter jurisdiction. Bennington High, LLC Development Agreement Amendment, No. 25-ENV-00016 (Vt. Super. Ct. Envtl. Div. March 6, 2025) (McLean, J.). Presently before the Court is Appellant's motion to reconsider the Court's March 6 Decision, and/or to transfer this appeal to the Civil Division of the Vermont Superior Court.

### Discussion

Vermont Rule of Civil Procedure 59(e) governs motions to alter or amend judgments. The Court considers such motions to be an "extraordinary remedy that should be used sparingly." Mountain Top Inn & Resort JO, No. 23-3-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2019) (Durkin, J.) (citation omitted). This Court will only grant a Rule 59(e) motion for one of four reasons: "[1] to correct manifest errors of law or fact on which the decision was based, [2] to allow the moving party to present newly discovered or previously unavailable evidence, [3] to prevent

manifest injustice, or [4] to respond to an intervening change in the controlling law." Id. at 2 (quoting In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)). Importantly, Rule 59(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Appellant's motion seeks to relitigate an issue already determined by the Court and does not cite to any grounds which would allow the Court to entertain such a motion to reconsider. Appellant's motion argues that this Court has jurisdiction over the Agreement pursuant to 24 V.S.A. § 4464(b)(5) (authorizing the legislative body of a municipality to enter into an agreement governing the timing, financing, and coordination of private or public facilities in accordance with the terms and conditions of a municipal land use permit.). The Court directly addressed the inapplicability of § 4464(b)(5) in the March 6 Decision. Specifically, we noted that the Agreement was not entered into in accordance with the terms and conditions of an existing municipal land use permit.[1] If Appellant disagreed with this conclusion, its remedy was to appeal the March 6 Decision. Appellant's motion does not argue that the March 6 Decision was based on an error of law or fact or that it would result in manifest injustice. Absent such a showing, we decline to reconsider the March 6 Decision.

Appellant's motion devotes substantial attention to whether the Agreement conflicts with the Bennington Land Use & Development Regulations (LUDR). These arguments are not relevant to whether the Court should reconsider the March 6 Decision pursuant to V.R.C.P. 59(e). As previously explained, the Agreement is not a zoning permit that authorizes land development to occur pursuant to the provisions of the LUDR. Rather, the Agreement is a contract entered into between the Town and a private party. Before any land development may lawfully occur, all necessary permits must be obtained in accordance with the applicable provisions of the LUDR. Those permit decisions can be appealed to this Court. The Court is not aware of any such permits having been appealed.

---

[1] Appellant argues that the Agreement conflicts with an April 18, 2023 Zoning Permit issued by the Bennington DRB. This unappealed Zoning Permit contains no terms or conditions which would apply to the Agreement at issue in this appeal. Nor does the Agreement contain any reference to the Zoning Permit. Thus, we fail to understand the relevancy of this Zoning Permit and its relationship to the Agreement.

In addition to the motion to reconsider, Appellant filed a document entitled "Second Amended Notice of Appeal." The document itself is 16 pages long and is accompanied by 12 separately filed exhibits. Despite its length, the document does not contain the required contents for a Notice of Appeal by citing to the provisions under which Appellant claims party status. V.R.E.C.P. 5(b)(1).

In the Environmental Division, the Notice of Appeal functions as a pleading. In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.). Accordingly, a Notice of Appeal may only be amended pursuant to V.R.C.P. 15 ("Amended and Supplemental Pleadings"). Under Civil Rule 15(a), Appellant was required to seek leave of the Court before further amending the Notice of Appeal, which it did not do.[2] Williamson Third Tier Application, No. 55-4-12 Vtec, slip op. at 14 (Vt. Super. Ct. Envtl. Div. Oct. 7, 2013) (Walsh, J.) ("Vermont Rules of Civil Procedure (V.R.C.P.) Rule 15(a) provides for leave of court to amend pleadings when justice requires."). Additionally, the Court is not aware of the grounds to amend a notice of appeal after the appeal has already been dismissed. For these reasons, we decline to accept or consider the Second Amended Notice of Appeal.

Lastly, Appellant asks that if the Court denies its motion to reconsider, that we transfer this appeal to the Civil Division of the Vermont Superior Court. Appellant cites to no grounds that would support transferring this appeal. The Vermont Legislature expressly contemplated that cases could be transferred between divisions of the Vermont Superior Court, subject to rules promulgated by the Vermont Supreme Court. 4 V.S.A. § 30(a)(2). To date, the Court is unaware of any such rules. Furthermore, transfer of this case would be impractical since this case was initiated as an appeal arising under Chapter 117 and was commenced by the filing of a notice of appeal. While we conclude that we lack jurisdiction over the underlying decision, it does not make sense to transfer an attempted appeal to the civil division. If Appellant disagrees with this Court's legal conclusions, its remedy is to appeal to the Vermont Supreme Court. If Appellant has a valid cause of action against the Town, it may file a complaint in the Civil Division. Accordingly, we **DENY** Appellant's request to transfer this appeal to the Civil Division.

To conclude, Appellant has not cited to any grounds which would allow the Court to reconsider its March 6, 2025 Decision. The March 6 Decision determined that the Agreement is a

---

[2] Appellant filed its original Notice of Appeal on February 25, 2025. Six days later, on March 3, 2025, Appellant filed its First Amended Notice of Appeal. Thereafter, Appellant filed a Second Amended Notice of Appeal on April 3, 2025. While Appellant's initial amendment may have been allowed as a matter of course under V.R.C.P. 15(a), its second amendment required a motion under the Rule. V.R.C.P. 15(a). No such motion was filed with the Court.

private contract and is not an appealable decision under 24 V.S.A. § 4464(b)(5). Appellant has not cited to any manifest errors of law or fact, newly discovered evidence, or manifest injustice resulting from the March 6 Decision. Rather, Appellant was simply unaware of § 4464(b)(5) prior to the Court's discussion thereof, and Appellant now seeks to amend its pleadings and legal arguments by citing to this provision for the first time. These are not sufficient grounds to reconsider the March 6 Decision. Accordingly, Appellant's motion is **DENIED**. Additionally, Appellant's request to transfer this appeal to the Civil Division is **DENIED** for the reasons discussed above.

Electronically signed on April 28, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division